IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

DOUGLAS SARCOPSKI and
SHARON SARCOPSKI,

    Plaintiffs,
v.                                      Civil Action No. 5:17CV41
                                                  (STAMP)

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,
RICHARD B. KASDAN, M.D. and
CENTRE COMMONS MRI, P.C.,

    Defendants.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING MAGISTRATE JUDGE'S
ORDER GRANTING PLAINTIFFS' MOTION FOR
LEAVE TO FILE EXPERT DISCLOSURES
AND OVERRULING DEFENDANT'S OBJECTIONS**

I.  Procedural History

The plaintiffs missed their expert disclosure deadline and then filed a motion asking the magistrate judge to allow them to make an expert disclosure out of time. ECF No. 37. Magistrate Judge James E. Seibert entered an order granting the plaintiffs' motion for leave to file expert disclosures. ECF No. 90. The defendant then filed objections to the magistrate judge's order. ECF No. 107. For the following reasons, the magistrate judge's order is affirmed and adopted and the defendant's objections are overruled.

II.  Background

Counsel for defendant State Farm Automobile Insurance Company ("State Farm") removed this case to this Court on April 3, 2017, from the Circuit Court of Ohio County, West Virginia.  The case arises from an automobile accident in which a woman, Misty Merinar, collided with the vehicle Douglas Sarcopski ("Mr. Sarcopski") was driving and in which Sharon Sarcopski ("Mrs. Sarcopski") was a passenger.  Plaintiffs Douglas and Sharon Sarcopski were insured under a first-party automobile insurance policy purchased and contracted from State Farm.  The plaintiffs allege that the collision was entirely the fault of Ms. Merinar.  Mr. Sarcopski made a claim for Mr. Merinar's liability policy limits of $50,000.00 and was paid by Ms. Merinar's first-party liability carrier, Safeco Insurance Company.  The plaintiffs allege that State Farm has refused to timely settle Mr. Sarcopski's claim for underinsured motor vehicle insurance policy benefits, even though it was clear to State Farm that they were liable to Mr. Sarcopski for the injuries, damages, and losses sustained by him in excess of the liability policy limits paid by Safeco.

The plaintiffs filed a motion for leave to file expert disclosures.  ECF No. 37.  In the memorandum in support of that motion, the plaintiffs argue that their failure to timely disclose an expert witness was substantially justified or is harmless.  ECF No. 66 at 1.  The plaintiffs indicate that one of their experts, Vincent King ("King"), did not accept the first-party bad faith

2

case due to critical missing entries. Id. at 3. Plaintiffs allege that after King rejected their case, plaintiffs reviewed the claim file that is comprised of 2756 pages. Id. After, the plaintiffs indicate that they proceeded to enlist a new expert, Jack Lane ("Lane"), and that he returned their call or message on April 17, 2018. Id. Plaintiffs allege that Lane informed the plaintiffs that he had been ill and retired from doing expert work. Id. The plaintiffs argue that allowing the plaintiffs to name an insurance expert would not surprise the defendant since its counsel is experienced and the defendant did not file a motion to exclude the plaintiffs' expert. Id. at 4-5. Moreover, the plaintiffs argue that, even if the defendant is surprised by the plaintiffs' insurance expert, the issue can be cured because: (1) the trial date does not need to be moved; (2) the Court has discretion to extend deadlines to supplement expert opinions and reports; and (3) the issues presented are clear and not complicated. Id. at 5-8. Lastly, the plaintiffs argue that the evidence is important to the administration of justice since the plaintiffs have no other insurance expert. Id. at 8.

The defendant State Farm then filed a memorandum in opposition to the plaintiffs' motion for leave to file expert disclosures. ECF No. 69. In the memorandum, the defendant first argues that the plaintiffs have not been diligent in complying with the Court's scheduling order. The defendant further argues that there was no

reason for the defendant to file a motion to exclude an expert if an expert was never identified by the plaintiffs. Id. at 5. Moreover, the defendant asserts that the late disclosure of an expert may complicate the facts and issues of the case. Id. at 7.

The magistrate judge set an evidentiary hearing and argument on the plaintiffs' motion for leave to file expert disclosures. ECF No. 61. That hearing was later rescheduled. ECF No. 62. After briefing by the parties, the magistrate judge entered an order granting the plaintiffs' motion for leave to file expert disclosures. ECF No. 90.

The defendant filed timely objections to that order (ECF No. 107). In its objections, State Farm first argues that the facts in Southern States are "entirely distinguishable," in that the plaintiffs here failed to properly disclose any expert or make an expert witness disclosure in compliance with the scheduling order (ECF No. 8). Id. at 4. Moreover, the defendant argues that the plaintiffs provided no substantial justification for the delay, and since they did not timely disclose, State Farm would be unduly prejudiced at trial. Id. The defendant further contends that even if the test in Southern States Rack and Fixtures, Inc. v. Sherwin Williams Co., 318 F.3d 592 (4th Cir. 2003), is applied, the plaintiffs fail to meet several elements. Id. at 5. The defendant specifically emphasizes prong 4 of the test, arguing that the magistrate judge's order incorrectly found that the parties

4

provided sufficient explanation for the delay.  Id. at 6.  The defendant alleges that the plaintiffs waited nearly a year after the scheduling order was entered and after State Farm's claim file was provided and approximately one month before the expert disclosure deadline before even contacting their first expert witness.  Id.  Lastly, the defendant argues that there is a misunderstanding by the magistrate judge as to what type of expert the plaintiffs planned to disclose.  Id. at 6-7.  For the foregoing reasons, the defendant requests the Court set aside the magistrate judge's order (ECF No. 90).  Id. at 7.

### III.  Applicable Law

Under Federal Rule of Civil Procedure 72(a), a district court may refer to a magistrate judge "a pretrial matter not dispositive of a party's claim or defense."  Fed. R. Civ. P. 72(a).  The parties may file objections to the magistrate judge's order, and the magistrate judge's ruling may be reversed only on a finding that the order is "clearly erroneous or is contrary to law."  Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1).  "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed." United States v. United States Gypsum Co., 333 U.S. 354, 68 S. Ct. 525, 92 L.Ed. 746 (1948).  In light of the broad discretion given to a magistrate judge in the resolution of nondispositive discovery disputes, the

court should only overrule a magistrate judge's determination if this discretion is abused. <u>Detection Sys., Inc. v. Pittway Corp.</u>, 96 F.R.D. 152, 154 (W.D. N.Y. 1982); <u>Shoop v. Hott</u>, No. 5:08CV188, 2010 WL 5067567, at *2 (N.D. W. Va. Dec. 6, 2010).

Federal Rule of Civil Procedure 26(b)(1) permits parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). In considering proportionality, courts must consider: (1) "the importance of the issues at stake in the action;" (2) "the amount in controversy;" (3) "the parties' relative access to relevant information;" (4) "the parties' resources;" (5) "the importance of the discovery in resolving the issues;" and (6) "whether the burden or expense of the proposed discovery outweighs its likely benefit." <u>Id.</u> "Information within this scope of discovery need not be admissible in evidence to be discoverable." <u>Id.</u> Courts may forbid certain disclosures or discovery "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1).

IV. <u>Discussion</u>

The plaintiffs requested leave to file expert disclosures. ECF No. 37. Magistrate Judge Seibert granted the plaintiffs' motion, concluding that the applicable balancing test to determine whether the plaintiffs' failure to make their expert disclosures

6

was substantially justified or harmless weighs in the plaintiffs' favor. ECF No. 90.

Applying the balancing test in <u>Southern States</u>, 318 F.3d at 596, the magistrate judge found that: (1) surprise to the defendant is relatively small; (2) the defendant has the ability to cure the surprise because the defendant has the opportunity to depose the expert and stated it has already retained an expert of its own who will have time to review the plaintiffs' expert report; (3) there are several weeks for the defendant to develop its trial strategy; and (4) plaintiffs stated that they were working diligently to find an expert and were unable to secure one earlier. <u>Id.</u> at 2-3. This Court finds no clear error in the magistrate judge's conclusion and, thus, affirms and adopts the magistrate judge's order granting the plaintiffs' motion for leave to file expert disclosures (ECF No. 90).

## V. <u>Conclusion</u>

For the foregoing reasons, the magistrate judge's order granting the plaintiffs' motion for leave to file expert disclosures (ECF No. 90) is AFFIRMED and ADOPTED. Accordingly, defendant's objections to the magistrate judge's order (ECF No. 107) are OVERRULED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:    December 4, 2018

                                              <u>/s/ Frederick P. Stamp, Jr.</u>
                                              FREDERICK P. STAMP, JR.
                                              UNITED STATES DISTRICT JUDGE