IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

DOUGLAS SARCOPSKI and
SHARON SARCOPSKI,

    Plaintiffs,

v.    Civil Action No. 5:17CV41
    (STAMP)

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,
RICHARD B. KASDAN, M.D. and
CENTRE COMMONS MRI, P.C.,

    Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING DEFENDANT STATE FARM'S
MOTION FOR SUMMARY JUDGMENT ON THE
CLAIMS OF PLAINTIFF SHARON SARCOPSKI**

I.  Background

Counsel for defendant State Farm Automobile Insurance Company ("State Farm") removed this case to this Court on April 3, 2017, from the Circuit Court of Ohio County, West Virginia. The case arises from an automobile accident in which a woman, Misty Merinar, collided with the vehicle Douglas Sarcopski ("Mr. Sarcopski") was driving and in which Sharon Sarcopski ("Mrs. Sarcopski") was a passenger. Plaintiffs Douglas and Sharon Sarcopski were insured under a first-party automobile insurance policy purchased and contracted from State Farm. The plaintiffs allege that the collision was entirely the fault of Ms. Merinar. Mr. Sarcopski made a claim for Mr. Merinar's liability policy limits of $50,000.00 and was paid by Ms. Merinar's first-party liability carrier, Safeco Insurance Company. The plaintiffs allege that

State Farm has refused to timely settle Mr. Sarcopski's claim for underinsured motor vehicle insurance policy benefits, even though it was clear to State Farm that they were liable to Mr. Sarcopski for the injuries, damages, and losses sustained by him in excess of the liability policy limits paid by Safeco. Plaintiffs seek compensatory damages, punitive damages, attorney's fees and expenses, pre-judgment interest, post-judgment interest, and costs.

On October 12, 2018, the defendant State Farm filed a motion for summary judgment on the claims of plaintiff Sharon Sarcopski. ECF Nos. 147. In the defendant's memorandum in support of its motion for summary judgment, defendant State Farm argues that: (1) Mrs. Sarcopski lacks Article III standing to bring this action; (2) Mrs. Sarcopski made no claim for insurance coverage that could give rise to either common-law or statutory bad faith claims; (3) Mrs. Sarcopski cannot show a change in position or reliance on any alleged material misrepresentation to establish a claim for fraud; and (4) there is no evidence to support an award of punitive damages to Mrs. Sarcopski. ECF No. 148 at 1-13.

The plaintiffs did not file a response to the defendant's motion for summary judgment.

On August 22, 2018, this Court scheduled a supplemental pretrial conference/final settlement conference on November 26, 2018. ECF No. 137 at 5. At the supplemental pretrial conference, the Court explained that it cannot grant a dispositive motion by default, but rather must consider the motion on the merits, citing

Custer v. Pan Am. Life Ins. Co., 12 F.3d 410, 416 (4th Cir. 1993) ("Although the failure of a party to respond to a summary judgment motion may leave uncontroverted those facts established by the motion, the moving party must still show that the uncontroverted facts entitle the party to 'a judgment as a matter of law.'").

For the following reasons, the defendant's motion for summary judgment (ECF No. 147) is granted.

## II. Applicable Law

Under Federal Rule of Civil Procedure 56(c), summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The party seeking summary judgment bears the initial burden of showing the absence of any genuine issues of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). "The burden then shifts to the nonmoving party to come forward with facts sufficient to create a triable issue of fact." Temkin v. Frederick County Comm'rs, 945 F.2d 716, 718 (4th Cir. 1991), cert. denied, 502 U.S. 1095 (1992)(citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986)).

However, as the United States Supreme Court noted in Anderson, "Rule 56(e) itself provides that a party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of his pleading, but . . . must set forth

specific facts showing that there is a genuine issue for trial." Anderson, 477 U.S. at 256. "The inquiry performed is the threshold inquiry of determining whether there is the need for a trial — whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Id. at 250; see also Charbonnages de France v. Smith, 597 F.2d 406, 414 (4th Cir. 1979) (Summary judgment "should be granted only in those cases where it is perfectly clear that no issue of fact is involved and inquiry into the facts is not desirable to clarify the application of the law." (citing Stevens v. Howard D. Johnson Co., 181 F.2d 390, 394 (4th Cir. 1950))).

In Celotex, the Court stated that "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. Summary judgment is not appropriate until after the non-moving party has had sufficient opportunity for discovery. See Oksanen v. Page Mem'l Hosp., 912 F.2d 73, 78 (4th Cir. 1990), cert. denied, 502 U.S. 1074 (1992). In reviewing the supported underlying facts, all inferences must be viewed in the light most favorable to the party opposing the motion. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

III. <u>Discussion</u>

The defendant State Farm filed a motion for summary judgment on the claims of Mrs. Sarcopski asserting that, as a matter of law, Mrs. Sarcopski is not entitled to any damages. ECF No. 147.

In this motion, defendant State Farm first argues that Mrs. Sarcopski lacks Article III standing to bring this action, because she fails to demonstrate that she has suffered an injury-in-fact; and she fails to meet the two-prong test for establishing third-party standing. ECF No. 148 at 6-9. Second, the defendant contends that Mrs. Sarcopski made no claim for insurance coverage that could give rise to either common-law or statutory bad faith claims, since she was not involved in the accident, did not sustain injuries, did not incur medical expenses or lost wages, and did not make a claim for liability coverage. <u>Id.</u> at 9-11. Third, defendant State Farm argues that it is entitled to summary judgment on Mrs. Sarcopski's claim for fraud, because she cannot show a change in position or reliance on any alleged material misrepresentation. <u>Id.</u> at 11. Specifically, defendant argues that Mrs. Sarcopski did not sustain injuries that could be covered under the underinsured motorist policy, she did not file the underlying underinsured motorist claim, and she did not present any evidence that State Farm made any representations to her, or that there was detrimental reliance or damages. <u>Id.</u> at 11-12. Fourth, State Farm argues that there is no evidence to support an award of punitive

5

damages to Mrs. Sarcopski, and that therefore, her claim for punitive damages must be dismissed with prejudice. Id. at 12-13.

The plaintiffs did not file a response to the defendant's motion for summary judgment.

IV. Analysis

A. Mrs. Sarcopski has not established standing under Article III of the Constitution

To establish standing under Article III of the Constitution, a plaintiff:

> must have suffered an injury in fact, i.e. "an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." Second, [the plaintiff's] injuries must be fairly traceable to the actions of the [d]efendants, rather than the result of actions by some independent third party not before the court. Third, it must be likely, as opposed to merely speculative, that [the plaintiff's] injuries will be redressed by a favorable decision.

Dixon v. Edwards, 290 F.3d 699, 711 (4th Cir. 2002) (quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61, 112 S. Ct. 2130, 119 L.Ed.2d 351 (1992)).

Mrs. Sarcopski has not established Article III standing, because she has failed to demonstrate that she has suffered an actual injury-in-fact. "Absent the necessary allegations of demonstrable, particularized injury, there can be no confidence of a real need to exercise the power of judicial review or that relief can be framed no broader than required by the precise facts to which the court's ruling would be applied." Warth, 422 U.S. at 508, 95 S. Ct. at 2210, 45 L.Ed.2d 343 (internal quotation marks

omitted). Indeed, Mrs. Sarcopski's only basis for establishing standing is that her name is on the insurance policy and she paid insurance premiums, admitting in a deposition that the sole basis for her complaint is that she does not believe State Farm handled Mr. Sarcopski's claim in a proper or timely fashion. ECF No. 147-2 at 6.

Moreover, Mrs. Sarcopski fails to establish that her injury is concrete. In Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1547 (2016), the Supreme Court confirmed that either tangible or intangible injuries can satisfy the requirement of concreteness. Spokeo provides two ways to meet the "concreteness" requirement for intangible injuries. First, the Supreme Court indicates that "it is instructive to consider whether an alleged intangible harm has a close relationship to a harm that has traditionally been regarded as providing a basis for a lawsuit in English or American courts." Id. at 1549. Second, "Congress may elevat[e] to the status of legally cognizable injuries concrete, de facto injuries that were previously inadequate in law." Id.

Mrs. Sarcopski's general dissatisfaction with the way State Farm allegedly handled Mr. Sarcopski's claim does not meet the "concreteness" requirement to establish Article III standing.

Even if Mrs. Sarcopski alleged an injury sufficient to meet the case or controversy requirement, she "generally must assert h[er] own legal rights and interests, and cannot rest h[er] claim to relief on the legal rights or interests of third parties."

Warth v. Seldin, 422 U.S. 490, 499, 95 S. Ct. 2197, 45 L.Ed.2d 343 (1975) (internal quotation marks omitted). "To overcome the prudential limitation on third-party standing, a plaintiff must demonstrate: (1) an injury-in-fact; (2) a close relationship between herself and the person whose right she seeks to assert; and (3) a hindrance to the third party's ability to protect his or her own interests." Freilich v. Upper Chesapeake Health, Inc., 313 F.3d 205, 215 (4th Cir. 2002). Even assuming the existence of the first two elements, Mrs. Sarcopski did not sufficiently allege a hindrance to Mr. Sarcopski's ability to protect his own interests. Mr. Sarcopski is a co-plaintiff in this civil action and Mrs. Sarcopski has testified that she did not think Mr. Sarcopski was living with her at the time of the accident and that he was not financially dependent on her. ECF No. 147-2 at 2-3. Therefore, State Farm's motion for summary judgment is granted with regard to this claim.

B. <u>Mrs. Sarcopski has not alleged a claim for insurance coverage under common law or a statute</u>

The defendant states in its memorandum in support of its motion for summary judgment regarding Mrs. Sarcopski's claims:

> Because Sharon Sarcopski has not sustained an injury covered by her [underinsured motorist] policy and she has not even asserted such a claim, she as a matter of law and logic cannot prosecute a claim for the tortious handling of a claim she does not have and has not made. Accordingly State Farm should be granted summary judgment against Sharon Sarcopski on her common-law bad faith/<u>Hayseeds</u>/breach of the implied covenant of good faith and fair dealing claim . . . Likewise, State Farm should be granted summary judgment against Sharon Sarcopski on her statutory bad faith/unfair settlement practices claim.

ECF No. 148 at 10-11.

This Court agrees with the defendant's reasoning, and therefore finds that summary judgment against Mrs. Sarcopski should be granted on her common-law bad faith/<u>Hayseeds</u>/breach of the implied covenant of good faith and fair dealing claim, and statutory bad faith/unfair settlement practices claim.

C. <u>Mrs. Sarcopski has failed to meet her burden to establish a claim for fraud</u>

Under West Virginia law, the elements for fraud are: (1) the act claimed to be fraudulent was an act by the defendant or induced by him; (2) it was material and false; (3) the plaintiff relied on it and was justified in doing so; and (4) the plaintiff was damaged by relying on it. <u>Lengyel v. Lint</u>, 280 S.E.2d 66 (W. Va. 1981) (quoting <u>Horton v. Tyree</u>, 139 S.E. 737 (W. Va. 1927)). A court does not "presume fraud, and he who alleges it must clearly and distinctly prove it." <u>Work v. Rogerson</u>, 152 W. Va. 169, 180-18, 160 S.E.2d 159, 167 (W. Va. 1968). To establish a claim for fraud, a party does not have to provide "direct and positive" evidence, but may provide circumstantial evidence. <u>Id.</u>

Turning to the facts in this case, Mrs. Sarcopski did not sustain injuries that would be covered by the underinsured motorist policy and she did not file a claim. The plaintiff has not provided evidence demonstrating that the defendant committed fraudulent acts that Mrs. Sarcopski relied on to her detriment. Therefore, the plaintiff has failed to carry her burden to allow

9

her claim for fraud to go before a jury, and State Farm's motion for summary judgment is granted with regard to this claim.

D. <u>Mrs. Sarcopski has failed to provide sufficient evidence that a reasonable jury could conclude that she is entitled to punitive damages</u>

Punitive damages are intended to act as punishment for serious violations of civil obligations. Damages are only to be awarded in situations of gross wrongdoing on the part of a defendant, and the burden of proving the appropriateness of such damages is on the plaintiff. <u>Mayer v. Frobe</u>, 40 W. Va. 246 (1895). In order to satisfy this burden at the point of summary judgment, the plaintiff must present evidence which would allow a reasonable jury to conclude that State Farm committed a wrongful act "maliciously, wantonly, mischievously, or with criminal indifference to civil obligations." <u>Peters v. Rivers Edge Mining Co.</u>, 224 W. Va. 160, Syl. pt. 3. The burden of showing that punitive damages are warranted is a high one, and the plaintiff has not satisfied it here.

As the Court has outlined above, the plaintiff has failed to establish a claim against State Farm, much less a claim that rises to the level necessary for punitive damages. This Court cannot find any evidence of wanton or malicious conduct on the part of State Farm. The plaintiff has also failed to provide any response to the defendant's contention that punitive damages cannot be established. Under <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248(1991), it was found that a party opposing summary judgment

10

cannot simply rest upon the allegations of her complaint to defeat such a motion, but must "set forth specific facts showing that there is a genuine issue for trial." As such, the plaintiff has failed to carry her burden to allow her claim for punitive damages to go before a jury, and State Farm's motion for summary judgment is granted with regard to this claim.

## V. Conclusion

For the reasons set forth above, defendant State Farm's motion for summary judgment (ECF No. 147) is GRANTED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:    December 6, 2018

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE